UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTOPHER D. ROBINSON,<br>*PLAINTIFF*,<br><br>v.<br><br>**UNITED STATES POSTAL SERVICE**,<br>**ANTONIO GRACIA** in Official Capacity as Postmaster,<br>**TAFARNIA MOTT** in Official Capacity as Supervisor, **AND**<br>**CHARLOTTE BURNETT** in Official Capacity as Supervisor,<br>*DEFENDANTS.*<br>_____/ | CAUSE NO. _____<br><br><br>TRIAL BY JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES

**Christopher D. Robinson** (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, **Joseph P. Vredevelt**, files this, his Original Complaint for Damages against the United States Postal Service, **Antonio Gracia** in his official capacity as Postmaster for the Woodlands Metro Post Office, and **Tafarnia Mott** and **Charlotte Burnette** both in their official capacities as Supervisors at the Woodlands Metro Post Office (hereinafter collectively referred as "Defendants") for violations of the Family Medical Leave Act and retaliatory actions that caused damages to Plaintiff.

### PRELIMINARY STATEMENT

1.  PLAINTIFF brings this action against DEFENDANTS for violations of the Family Medical Leave Act (hereinafter "FMLA") (29 U.S.C. §2601, et seq.).

2. DEFENDANTS hired and supervised PLAINTIFF in his role as a United States Postal Carrier.  DEFENDANTS interfered with PLAINTIFF's right to take FMLA leave, specifically, approving his FMLA requests and later changing his leave status for those dates to "unapproved absences", "unscheduled absences" and/or "absences without permission".  As a result, PLAINTIFF has suffered monetary damages as well suffered damage to personnel file as his supervisors' actions has created a false pretense for PLAINTIFF's termination in the future.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617, in that this is a civil action arising under the FMLA .

## VENUE

4. Venue is proper in this district under [28 U.S.C. § 1391(b)(1), in that DEFENDANTS regularly conduct business in this district and all defendants reside in in the Southern District of Texas, 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district/28 U.S.C. § 1391(b)(2), in that DEFENDANTS are subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

## PARTIES

5. PLAINTIFF resides in Spring, Texas. Plaintiff is a citizen of the United States of America.

6. PLAINTIFF is an employee, as defined by the FMLA, specifically, a full-time employed postal worker for the United States Postal Service.

7. Upon information and belief, DEFENDANT GRACIA is an individual who resides in the Texas and is duly employed as the Postmaster for the Woodlands Metro Postal Office located at 9450 Pinecroft Drive, Spring, Texas 77380 DEFENDANT GRACIA is an employer as defined by the **FMLA**.

8. Upon information and belief, DEFENDANT MOTT is an individual who resides in the Texas and is duly employed as a Supervisor for the Woodlands Metro Postal Office located at 9450 Pinecroft Drive, Spring, Texas 77380 DEFENDANT MOTT is an employer as defined by the **FMLA**.

9. Upon information and belief, DEFENDANT BURNETTE is an individual who resides in the Texas and is duly employed as a Supervisor for the Woodlands Metro Postal Office located at 9450 Pinecroft Drive, Spring, Texas 77380 DEFENDANT BURNETTE is an employer as defined by the **FMLA**.

10. Upon information and belief, DEFENDANT UNITED STATES POSTAL SERVICE is an business who regularly conducts business in the Texas and is duly employs individuals including the other Defendants in this matter as well as PLAINTIFF at the Woodlands Metro Postal Office located at 9450 Pinecroft Drive, Spring, Texas 77380 DEFENDANT UNITED STATES POSTAL SERVICE is an employer as defined by the **FMLA**

**FACTS**

11. PLAINTIFF works as a United States Postal Worker at the Pinecroft office in Woodlands, TX. Specifically, PLAINTIFF works as a postal carrier.

12. PLAINTIFF began full-time employment with DEFENDANT USPS on or around 2004. In the year prior to June 05, 2021 PLAINTIFF continued to work for DEFENDANTS on a full-time basis, and had worked more than 1,250 hours.

13. DEFENDANTS employ more than 50 employees within a 75-mile radius of PLAINTIFF's workplace.

14. During his tenure, PLAINTIFF's work performance met or exceeded DEFENDANTS' legitimate expectations. PLAINTIFF's reviews of his performance were consistently satisfactory.

15. PLAINTIFF has a legitimate medical condition, specifically, a heart condition which causes an irregular heartbeat and other symptoms such as anxiety, dizziness, and general illness too great for PLAINTIFF to function in his capacity as a postal carrier.

16. As a result, PLAINTIFF took approved FMLA leave, beginning 05/05/21 to on or about 6/14/2021. With the longest stretch of leave being approximately thirty-two (32) hours.

17. DEFENDANTs responded in a hostile way by claiming that PLAINTIFF's leave was not approved, was not properly documented, or otherwise did not constitute FMLA approved leave.

18. Shortly after PLAINTIFF returned from his FMLA leave, SUPERVISOR MOTT became overly critical of PLAINTIFF's work product/performance.

19. DEFENDANTS through their color of authority issued a disaplinary action against PLAINTIFF in the form of a 14-day suspension for allegedly failing to maintain a regular schedule, citing the dates of PLAINTIFF's FMLA leave and stating that said dates were not approved or qualified for FMLA.

## COUNT ONE
### Interference in Violation of the Family and Medical Leave Act
29 U.S.C. 2615(a)(1)

20. PLAINTIFF NAME repeats and realleges paragraphs 1 through 19 hereof, as if fully set forth herein.

21. DEFENDANTS are employer[s] covered by the FMLA pursuant to 29 U.S.C. §2601 et seq. because it is a business that employed fifty or more employees for each working day for at least twenty workweeks in the year prior to PLAINTIFF's leave.

22. PLAINTIFF is an FMLA-eligible employee because he was employed by DEFENDANT for seventeen (17) years prior to requesting FMLA leave and had been employed by DEFENDANTS for over 1,250 hours in the twelve-month period prior to his request.

23. PLAINTIFF was entitled to FMLA leave because he suffered and was being treated for a recognizable and diagnosed medical condition that required PLAINTIFF's absence from the workplace.

24. In accordance with the FMLA, PLAINTIFF notified DEFENDANTS of his need to take FMLA leave.

25. DEFENDANTS engaged in prohibited conduct under the FMLA by interfering with, restraining, or denying PLAINTIFF's rights provided under the Act.

26. As a direct and proximate result of DEFENDANTS' wrongful acts and omissions, PLAINTIFF has suffered and continues to suffer substantial losses, including expenses related to additional medical treatment and past and future lost wages and benefits. PLAINTIFF is also entitled to liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for [his/her/their] past and future loss of wages and benefits, plus interest;

C. Award Plaintiff liquidate damages pursuant to 29 U.S.C. §2617(a)(1)(A)(iii);

D. [Order Defendant(s) to reinstate Plaintiff to a position comparable to [his/her/their] former position or, in lieu of reinstatement, award [him/her/them] front pay (including benefits);]

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

F. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.]

Dated: April 25, 2022
Houston, Texas

> Respectfully submitted,
> Law Office of Joseph P. Vredevelt
>
> */s/ Joseph P. Vredevelt*
> Joseph P. Vredevelt
> 5727 S. Braeswood Blvd
> Houston, Texas 77096
> (281) 814-2240 – Tel.
> (832) 201-7030 – Fax
> CDLShouston@gmail.com
> Attorney for Plaintiff